**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ROBERT SOBKOW, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No.: K22C-12-012 JJC |
| | : | |
| CENTENE, CENTURION HEALTH, | : | |
| CENTURION OF DELAWARE, | : | |
| LLC., and CENTURION, | : | |
| | : | |
| Defendants. | : | |

Submitted: March 3, 2023
Decided: March 10, 2023

**<u>ORDER</u>**

*Upon Review of the Affidavit of Merit –*
**COMPLIANT**

This matter involves a healthcare negligence suit filed by Plaintiff Robert Sobkow against Defendants Centene, Centurion Health, Centurion of Delaware, LLC., and Centurion (collectively "Centurion"). Plaintiff alleges negligent medical care arising from treatment of a left foot fracture and wound following a fall at the Sussex Correctional Institution ("SCI") in Georgetown. Specifically, Mr. Sobkow alleges that Centurion is liable for negligent medical care, or lack thereof, provided by its medical staff at SCI. Centurion filed a motion requesting an *in camera* review of Mr. Sobkow's affidavit of merit to determine whether it complies with 18 *Del. C.* § 6853(a)(1) and (c) as to each Defendant.

In Delaware, a plaintiff filing a medical negligence action must include an affidavit of merit for each defendant. The affidavit must be signed by the expert and

accompanied by the expert's *curriculum vitae*.[1]  Generally, an affidavit that tracks the statutory language complies with the statute.[2]

The expert signing the affidavit must be licensed to practice medicine as of the affidavit date and be engaged in the practice of medicine in the same or similar field of medicine as the defendant for the three years immediately preceding the alleged negligence.[3]  The affidavit must also state that reasonable grounds exist to believe each defendant's negligence caused the plaintiff injury.[4]  Even though the plaintiff must file the affidavit under seal, a defendant may request the Court to review it *in camera* to ensure it complies with the statutory requirements.[5]

As requested, after an *in camera* review of the affidavit of merit and the expert witness's *curriculum vitae*, the Court finds:

1.  The expert signed the affidavit;

2.  The expert attached a *curriculum vitae*;

3.  The expert is currently licensed to practice medicine;

4.  The expert is board certified in internal medicine;

5.  The expert treated patients in the same or similar field of medicine as Centurion's agents, employees, or servants at SCI for over three years, including the three years immediately preceding the alleged negligent conduct.  Namely, the affidavit and *curriculum vitae* specifically reference the expert's experience in internal medicine; and

6.  The expert recites and explicitly lists the reasonable grounds to believe Centurion and its agents, employees, or servants breached the applicable

---

[1] 18 *Del. C.* § 6853(a)(1).

[2] *Dishmon v. Fucci*, 32 A.2d 338, 342-43 (Del. 2011).

[3] *Flamer v. Nanticoke Memorial Hospital*, 2020 WL 113911, at *1 (Del. Super. Jan. 9, 2020) (citing 18 *Del. C.* § 6853(c)).

[4] *Id.*

[5] *Id.* at *1 (citing § 6853 (d)).

standard of care as it related to Mr. Sobkow's treatment at Sussex Correctional Institution that directly and proximately caused him injury.

Therefore, the affidavit of merit contains the material required by 18 *Del. C.* § 6853(a)(1) and (c) regarding the allegations against Centurion. The Court finds that the affidavit of merit is **COMPLIANT** as to each Defendant, collectively referred to as Centurion.

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Resident Judge

*Via File & Serve Express*

3